# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCINA URIETA,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 17-02580-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Lucina Urieta ("Plaintiff") challenges the Commissioner's denial of her application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). For the reasons stated below, the decision of the Commissioner is AFFIRMED.

## II. PROCEEDINGS BELOW

On December 13, 2013, Plaintiff applied for DIB and SSI alleging disability beginning June 26, 2013. (Administrative Record ("AR") 52-53, 55, 64.) Her application was denied initially on April 17, 2014, and upon reconsideration on June 23, 2014. (AR 96-101, 103.) On July 15, 2014, Plaintiff filed a written

request for hearing, and a hearing was held on June 2, 2015. (AR 33, 109.) Represented by counsel and assisted by a Spanish interpreter, Plaintiff appeared and testified, along with an impartial vocational expert. (AR 35-51.) On July 2, 2015, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[1] since June 26, 2013. (AR 27-28.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 1.) Plaintiff filed this action on April 4, 2017. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 26, 2013, the alleged onset date ("AOD"). (AR 22.) At **step two**, the ALJ found that Plaintiff has the following severe impairments: diabetes mellitus; diabetic neuropathy; sciatica; and obesity. (*Id*.) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 24.)

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> [P]erform a range of medium work . . . . Specifically, the claimant is able to lift and carry 50 pounds occasionally and 25 pounds frequently, she may sit 6 hours out of 8 hours; she can stand and walk for 6 hours out of an 8 hour day. She can occasionally climb stairs, ramps, ladders, ropes, scaffolds. She can occasionally balance and frequently kneel and crawl.

(*Id.*)

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

2

At **step four**, based on Plaintiff's RFC and the vocational expert's testimony, the ALJ found that Plaintiff was capable of performing past relevant work as a fast food cook, and therefore the ALJ did not proceed to **step five**. (AR 27.) Accordingly, the ALJ determined that Plaintiff has not been under a disability from the AOD through the date of the decision. (*Id.*)

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination

and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff raises a single issue for review: whether the ALJ improperly rejected Plaintiff's pain and symptom testimony. (Joint Submission ("JS") 4.) Plaintiff contends that the ALJ failed to provide specific, clear and convincing reasons for discounting her testimony. (*See* JS 13.) The Commissioner disagrees. (*See* JS 13-18.) For the reasons below, the Court agrees with the Commissioner.

### A. The ALJ's Credibility Determination Is Supported By Substantial Evidence

Plaintiff argues that the ALJ failed to provide clear and convincing reasons to reject Plaintiff's testimony and that the ALJ's decision is not supported by substantial evidence in light of new and material evidence submitted to the Appeals Council. (*See* JS 6, 13.) The Commissioner argues that the ALJ's credibility findings are supported by substantial evidence. (JS 16.)

#### 1. Plaintiff's Testimony

Plaintiff testified with the assistance of an interpreter. (*See* AR 35, 38.) On the date of the hearing, Plaintiff was 50 years old and lived with her family. (AR 38, 41-42.) Plaintiff finished the seventh grade in Mexico. (AR 39.) She understands very little English and can speak only basic phrases such as "hi" and "bye." (*Id.*)

Plaintiff testified that she is unable to work due to issues with her feet. (AR 40, 43.) She explained that her feet began getting swollen, and the swelling would continue for about a month. (AR 40.) She stated that the problem has worsened, and blisters and the nerve endings in her feet make walking "very difficult." (*Id.*) Plaintiff also stated that she has boils on both feet, and "some get better and improve, [and] some will come back and will make it worse." (*Id.*; *see* AR 43.) It

4

sometimes takes up to two months for the blisters to heal. (AR 40.) Plaintiff explained that she gets about two blisters "every couple of months." (AR 43.) She cannot stand long because of the pain in her feet. (AR 41.)

Plaintiff stated that her doctor will give her different medications and antibiotics to treat the blisters, but sometimes she needs to go to the emergency room. (AR 44.) She explained that the medications help "after a certain amount of time has already passed," after about two months. (*Id.*) Sometimes the doctors remove the blisters. (*Id.*)

Plaintiff explained that she gets shaky, dizzy, and tired due to her diabetes. (AR 41.) She testified that she tests her blood sugar every day, and she has had "high controllable readings" of 300 to 400 over the past month or two. (*Id.*) Plaintiff stated that she also has high blood pressure, which is controlled with medication. (AR 41.)

Plaintiff stated that she sometimes needs help getting dressed, and her daughter sometimes helps her take a bath or shower. (AR 42.) Plaintiff can sometimes clean the house. (*Id.*) She explained that sometimes she will go a week without cleaning, and other times she feels so weak and exhausted that she cannot do anything. (*Id.*) Plaintiff further explained that if she feels too dizzy or unstable, she needs to lie down. (*Id.*) Plaintiff stated that her family does not allow her to cook anymore because she has fallen in the past due to high blood sugar. (*Id.*)

Plaintiff testified that she spends her day "sitting or that'll be about it." (*Id.*) Sometimes she does not feel well and "[doesn't] have the energy to really do anything." (AR 45.) Twice a day, Plaintiff takes medication for her nerve pain, which helps relax her muscles, but it makes her "very, very sleepy and dizzy." (*Id.*) When her medication "starts to get to [her]," she will lie down and sleep for about an hour or two. (AR 43.)

//
//

### 2. Applicable Legal Standards

"In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citing *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (quoting *Lingenfelter*, 504 F.3d at 1036) (internal quotation marks omitted). If so, and if the ALJ does not find evidence of malingering, the ALJ must provide specific, clear and convincing reasons for rejecting a claimant's testimony regarding the severity of his symptoms. *Id*. The ALJ must identify what testimony was found not credible and explain what evidence undermines that testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "General findings are insufficient." *Lester*, 81 F.3d at 834.

### 3. Discussion

"After careful consideration of the evidence," the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," but found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are only partially credible." (AR 25.) The ALJ relied on the following reasons: (1) Plaintiff's medical treatment; (2) Plaintiff's work history; and (3) lack of objective medical evidence to support the alleged severity of symptoms. (AR 26.) No malingering allegation was made, and therefore, the ALJ's reasons must be "clear and convincing."

#### a. Reason No. 1: Plaintiff's Medical Treatment

When assessing a claimant's credibility, an ALJ may consider an unexplained or inadequately explained failure to follow a prescribed course of

treatment. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). If a claimant complains of disabling pain but fails to seek or follow prescribed treatment, "an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated." *Orn*, 495 F.3d at 638 (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *see Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ found that Plaintiff's "failure to cooperate with prescribed treatment" undermined her credibility. (AR 26.) The ALJ observed that in January 2015, treatment notes revealed that Plaintiff was "noncompliant with meds, diet." (*Id.*; *see* AR 412, 417.) The ALJ noted that, although Plaintiff was frequently told to exercise and follow a diet, there is "little evidence" that Plaintiff complied with her recommended treatment. (AR 26.) The ALJ therefore reasoned that if Plaintiff's symptoms caused significant discomfort, then she would "make every effort to comply with treatment" to get relief. (*Id.*)

Plaintiff explains that one instance of noncompliance in November 2013 was due to her inability to afford insulin. (JS 9; *see* AR 268.) Although a claimant may not be denied benefits on the basis of a failure to obtain treatment that she cannot afford, *see Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995), the ALJ did not rely on this particular instance of noncompliance. Plaintiff also contends that "[t]he bulk of the evidence shows compliance," citing two treatment records from 2013, one of which predates the AOD of June 26, 2013. (AR 263 (March 22, 2013); AR 272, 275 (December 13, 2013).) Plaintiff notes that in March 2015, she was reportedly trying to follow her diet and exercise (*see* AR 504), and she contends that "[t]he bulk of the evidence is not suggestive of non-compliance." (JS 9.) However, despite the conflicting evidence of compliance, the ALJ's interpretation is a rational one, supported by the record (*see* AR 412, 417), and thus her decision must be upheld. *See Ryan*, 528 F.3d at 1198; *Robbins,* 466 F.3d at 882.

The ALJ also found that Plaintiff's infrequent doctor visits around the time of the AOD harmed Plaintiff's credibility. (AR 26.) The ALJ was unable to find

evidence of any doctor visit around June 2013, and she noted that, besides laboratory studies, the only treatment notes that year were from November 2013. (*Id.*) The ALJ therefore reasoned that if Plaintiff's symptoms were as severe as she had alleged as of the AOD, Plaintiff would have sought more frequent treatment. (*Id.*)

Plaintiff notes that she sought treatment for worsening diabetes in March 2013, and her monofilament examination was described as normal. (JS 12; *see* AR 266.) The next record in November 2013 shows an abnormal monofilament examination with decreased sensation of her right foot. (JS 12; *see* AR 270.) Plaintiff argues that this deterioration coincides with the AOD of June 26, 2013. (JS 12.) While this evidence may indicate that Plaintiff's condition worsened over time, the ALJ properly considered that Plaintiff's delay in seeking treatment for her allegedly disabling symptoms undermined her credibility. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("For another reason to discredit Batson's testimony, the ALJ noted that Batson claimed to have suffered an injury in October, 1996 but did not receive any medical treatment until May, 1997.").

The Court finds that this reason is a clear and convincing reason, supported by substantial evidence, to discount Plaintiff's credibility.

### b. Reason No. 2: Plaintiff's Work History

A poor work history may constitute a proper reason for discounting a claimant's testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (holding that an ALJ's finding that claimant had "extremely poor work history" and showed "little propensity to work in her lifetime . . . negatively affected her credibility").

The ALJ observed that Plaintiff "rarely if ever worked on a full-time basis," and in three separate years, Plaintiff did not work for an entire year at the substantial gainful activity level. (AR 26.) The ALJ also noted that in other years,

it was "questionable" whether Plaintiff worked for an entire year at the substantial gainful activity level. (*Id.*) The ALJ therefore questioned whether Plaintiff's impairments were the primary reason for her unemployment. (*Id.*)

Plaintiff argues that her earning history demonstrates a "rather consistent work history," and even when her earnings were below the substantial gainful activity level, she was close to that threshold. (JS 11-12.) But as the Commissioner notes (JS 18), this does not undermine the ALJ's observation that Plaintiff did not work on a full-time basis before her AOD. The ALJ logically inferred that, based on Plaintiff's work history, Plaintiff's impairments may not be the primary reason that she is unemployed. *See Lester-Mahaffey v. Comm'r of Soc. Sec. Admin.*, 640 F. App'x 627, 629 (9th Cir. 2016) (finding that the ALJ properly considered a claimant's limited work history before the AOD in concluding that the claimant appeared to lack the motivation to work consistently) (citing 20 C.F.R. § 416.929(c)(3)); *see also Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) ("[The ALJ] is entitled to draw inferences logically flowing from the evidence.").

The Court finds that this reason is a clear and convincing reason, supported by substantial evidence, to discount Plaintiff's credibility.

### c. Reason No. 3: Lack of Supporting Objective Medical Evidence

The lack of supporting objective medical evidence cannot form the sole basis for discounting testimony, but it is a factor that the ALJ may consider in making a credibility determination. *Burch*, 400 F.3d at 681; *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(c)(2)).

The ALJ found that "the lack of objective findings further undermines [Plaintiff's] credibility." (AR 26.) Specifically, the ALJ noted that, despite Plaintiff's failure to follow her prescribed treatment for diabetes, there was no evidence of significant damage to vital organs such as the heart, kidneys, eyes, or brain. (AR 26.) The ALJ observed that Plaintiff's hypertension also had not

caused significant damage to vital organs. (*Id.*) Finally, the ALJ noted only minimal to mild findings for Plaintiff's back pain, and no structural damage to Plaintiff's foot. (*Id.*)

Plaintiff argues that the ALJ erred in finding "no structural damage" to her foot. (JS 10.) In June 2014, x-rays of Plaintiff's feet revealed an 8-millimeter Achilles tendon insertion spur in her left foot and degenerative calcaneal spurring in her right foot. (AR 334-35.) But the x-ray records also state that Plaintiff's bones and soft tissues of both feet "appear[ed] normal." (*Id.*) Considering this notation, the ALJ's finding of no structural damage is rational and must be upheld. *See Ryan*, 528 F.3d at 1198. However, Plaintiff's testimony described foot pain from blisters, boils, and nerve endings—not structural damage. (*See* AR 40, 43-45.) A lack of structural damage therefore does not undermine Plaintiff's testimony about her other sources of foot pain.

Plaintiff also contends that new and material evidence submitted to and considered by the Appeals Council indicates that Plaintiff did suffer kidney damage before the ALJ's date of decision. (JS 8; *see* AR 6.) When the Appeals Council considers new evidence in denying review of the ALJ's decision, this Court considers on appeal both the ALJ's decision and the additional material submitted to the Appeals Council. *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993). Records from May 2015 reveal that Plaintiff suffered from type 2 diabetes mellitus with diabetic neuropathy and chronic kidney disease, stage 2 (mild). (AR 505.) Considering this new evidence, the ALJ's finding of "no evidence" of organ damage is not supported by substantial evidence.

In sum, the Court finds that the lack of objective medical evidence is not a clear and convincing reason, supported by substantial evidence, to discount Plaintiff's credibility.

///

///

### 4. Conclusion

Because the Court found that one of the ALJ's reasons for discounting Plaintiff's credibility—lack of supporting objective medical evidence—is not clear and convincing, the Court must decide whether the ALJ's reliance on that reason was harmless error. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). The relevant inquiry "is not whether the ALJ would have made a different decision absent any error," but whether the ALJ's decision is still "legally valid, despite such error." *Id.* The "remaining reasoning *and ultimate credibility determination* [must be] . . . supported by substantial evidence in the record." *Id.* (emphasis in original) (citing *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)). Here, given the discussion above concerning Plaintiff's medical treatment and work history, the Court concludes the ALJ's credibility finding is legally valid and supported by substantial evidence.

## V. **CONCLUSION**

IT IS ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: March 7, 2018

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

### NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**